**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN HORN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   21-cv-5621 |
| v. | ) ) | |
| METHOD PRODUCTS, PBC, | ) ) | |
| Defendant. | ) ) | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441, 1446(b), and 1453(b), Defendant Method Products, PBC, by its counsel, hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, First Judicial Circuit, to the United States District Court for the Northern District of Illinois, Eastern Division.  In support of removal, Method Products, PBC respectfully states as follows:

**I.      PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS.**

1.      On September 13, 2021, Plaintiff Steven Horn ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant Method Products, PBC ("Defendant") in the Circuit Court of Cook County, Illinois, First Judicial Circuit.  Plaintiff's lawsuit is captioned as *Steven Horn v. Method Products, PBC*, Case No. 2021 CH 04629 (Ill. Cir. Ct.) (the "State Court Action").  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.[1]

---

[1] Included in Exhibit A is the proof of service form, the Summons and Complaint, and Plaintiff's Rule 222(b) Affidavit.

2.      Defendant was served with the Summons and Complaint on September 21, 2021. *See* **Exhibit A**.  Removal is therefore timely because Defendant files this notice on October 21, 2021—within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3.      The Complaint alleges three counts claiming Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.  Count I alleges Defendant violated Section 15(a) of BIPA by failing to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers or information (fingerprints), and by not developing such retention schedules or guidelines.  (Cplt. ¶¶ 76–84.)  Count II alleges Defendant violated Section 15(b) of BIPA by collecting, storing and using Plaintiff's biometric fingerprints and associated biometric information without first obtaining Plaintiff's written consent. (Cplt. ¶¶ 85–94.)  And Count III alleges Defendant violated Section 15(d) of BIPA by disclosing, redisclosing or otherwise disseminating Plaintiff's biometric identifiers and biometric information without first obtaining Plaintiff's written consent. (Cplt. ¶¶ 95–103.)

4.      Plaintiff was employed by Defendant at its manufacturing facility in Chicago, Illinois from August 13, 2018 to May 6, 2021. *See* Declaration of Lauren Mlot ("Mlot Decl."), attached hereto as **Exhibit B**, at ¶ 5.  During the course of his employment at Defendant's Chicago facility, Plaintiff alleges he was required to place at least one fingerprint on a fingerprint scanner multiple times to clock in and clock out of work on each day he worked.  (Cplt. ¶¶ 33–34, 37.) And, in fact, from the beginning of Plaintiff's employment (on August 13, 2018) until approximately March 17, 2020, Defendant used Plaintiff's biometric fingerprint information for timekeeping purposes in the regular course of business. *See* Mlot Decl. ¶¶ 5–7.  Plaintiff further alleges Defendant collected and stored his biometric data in its databases.  (Cplt. ¶¶ 34, 36.) Plaintiff claims Defendant's collection and storage of his unique biometric data, allegedly without

his consent, invaded his statutorily protected right to receive notice and an opportunity to withhold consent prior to Defendant securing his biometric data. (Cplt. ¶ 44–46.)

5.      Additionally, Plaintiff alleges Defendant does not have written, publicly available policies identifying Defendant's retention schedules, or guidelines for permanently destroying any of Plaintiff's biometric identifiers or biometric information. (Cplt. ¶¶ 61–62.) He also alleges Defendant never provided him with a retention policy or guidelines for permanently destroying his biometric identifiers or biometric information. (Cplt. ¶ 39.)

6.      Plaintiff seeks to represent a class defined as follows: "All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (Cplt. ¶ 71.)

7.      Plaintiff's cause of action alleges violations of Sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(d) of BIPA. (Cplt. ¶¶ 76–101.)  On behalf of himself and each member of the putative class, Plaintiff seeks the following relief: (1) finding his action satisfies the prerequisites for maintenance as a class action and class certification; (2) appointment of himself as representative of the Class and his undersigned counsel as Class Counsel; (3) declaratory relief finding that Defendant's actions violate BIPA; (4) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA and statutory damages of $1,000 per each negligent violation of BIPA; (5) declaratory relief finding that Defendant's actions were intentional or reckless; (6) declaratory relief finding that Defendant's actions were negligent; (7) injunctive relief in the form of an order requiring Defendant to collect, store, use, and disseminate biometric identifiers or biometric information in compliance with BIPA; (8) reasonable litigation costs and attorneys' fees; (9) pre-judgment and post-judgment interest; and (10) other and further relief as the Court deems just and appropriate.  (Cplt., Prayer for Relief.)

8.      Two related, but independent, bases for removal exist here. First, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity exists and the amount in controversy for the named Plaintiff's claim exceeds $75,000. Second, this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists, there are more than 100 alleged class members, and the amount in controversy exceeds $5,000,000.

## II.    REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a) BECAUSE COMPLETE DIVERSITY EXISTS AND THE AMOUNT IN CONTROVERSY FOR PLAINTIFF'S INDIVIDUAL BIPA CLAIMS EXCEEDS $75,000.

9.      Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

10.      Here, complete diversity exists between the two named parties. In the Complaint, Plaintiff alleges that he is a citizen of Illinois. (Cplt. ¶ 4.) The Complaint further alleges that Defendant is incorporated in Delaware and does business in Illinois. (Cplt. ¶ 4.) Defendant is a Delaware corporation with its principal place of business located in San Francisco, California. *See* Mlot Decl. ¶ 4. For purposes of 28 U.S.C. § 1441, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is a citizen of Delaware and California for purposes of diversity jurisdiction. Because the lone Defendant is not a citizen of the same State as the lone Plaintiff, complete diversity exists under 28 U.S.C. § 1332(a)(1). *See, e.g.*, *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) (explaining "the rule of complete diversity").

11.     Based on the Complaint's allegations, the amount in controversy also exceeds $75,000.  In determining whether the amount in controversy requirement is met pursuant to 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003).  On the face of the Complaint, Plaintiff satisfies the $75,000 minimum threshold for his individual BIPA claims.

12.     Section 15(b) of BIPA makes it a violation to acquire biometric data without first providing employees with notice and obtaining their written consent. Plaintiff alleges he scanned his fingerprint each time he clocked in and out of work, including for lunch breaks. (Cplt. ¶ 33–34, 37.) The attached Declaration confirms that Plaintiff provided his biometric data for timekeeping purposes from August 13, 2018 until approximately March 17, 2020. *See* Mlot Decl. ¶¶ 5–7. Plaintiff alleges that he was required "to scan his fingerprint using the biometric timeclock device," when clocking in and out. (Cplt. ¶ 37.)  Plaintiff also alleges Defendant required Plaintiff's fingerprint scanning so Defendant could "create, collect, capture, construct, store, use, and/or obtain a biometric template for Plaintiff." (Cplt. ¶ 34.)  Plaintiff seeks a statutory penalty of up to $5,000, pursuant to 740 ILCS 14/20(2), for *each* violation of BIPA that was committed intentionally or recklessly. (Cplt. ¶ 84.)  Plaintiff's Rule 222(b) Affidavit further states that he seeks more than $50,000 in damages—evidencing that Plaintiff will seek statutory damages for each fingerprint scan he performed during the 19-month period when he used his biometric data to clock in and clock out. *See* **Exhibit A**.

13.     By treating each scan of his fingerprint as a separate violation of Section 15(b) as Plaintiff appears to propose, Plaintiff clearly satisfies the $75,000 amount-in-controversy requirement for his individual claims.  If Plaintiff scanned his fingerprint a minimum of twice each workday, and that action was deemed an intentional or reckless violation of BIPA (though, it was

not) at $5,000 *per scan*, Plaintiff would have allegedly exceeded the $75,000 threshold before the end of his second full week of employment: *i.e.*, 2 scans/day x $5,000/scan x 8 workdays = $80,000. Furthermore, if Plaintiff's fingerprint scans from clocking in and out for lunch were also counted and deemed an intentional or reckless violation of BIPA (though, they were not), Plaintiff would have allegedly exceeded the $75,000 threshold before the end of a single week of employment: *i.e.*, 4 scans/day x $5,000/scan x 4 workdays = $80,000. And even if Defendant's alleged BIPA violations were only negligent, at $1,000 per scan, Plaintiff would have allegedly exceeded the $75,000 threshold after 38 workdays: *i.e.*, the minimum 2 scans per day x $1,000 per scan x 38 workdays = $76,000. Considering that (i) Plaintiff worked for Defendant from August 13, 2018 through May 6, 2021, and (ii) Defendant used his biometric data for timekeeping purposes until March 17, 2020, Plaintiff would have allegedly satisfied the $75,000 threshold for his individual BIPA claims within the first 2–3 months of his employment. Based on Plaintiff's allegations and these calculations, Plaintiff plausibly scanned his fingerprint enough times—over the course of the 19 months when fingerprint scanners were used—to meet the $75,000 threshold for his individual BIPA claims under 28 U.S.C. § 1332(a).

14.     Indeed, courts in this District have found it plausible—for removal purposes—"that a new violation occurs each time an employer *acquires* an employee's biometric information, which presumably happens with each scan." *Fox v. Dakkota Integrated Sys., LLC*, No. 19 C 2872, 2020 WL 8409683, at *3 (N.D. Ill. Jan. 24, 2020) (finding removal proper in BIPA case seeking $5,000 in statutory damages for each alleged violation of BIPA because "[s]uch a plausible interpretation would entitle [plaintiff] to statutory damages on a per-scan basis"); *see also Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769–70 (N.D. Ill. 2019) (same). As it is not legally impossible for Plaintiff to recover $5,000 per scan, Defendant has plausibly shown the

amount in controversy exceeds the $75,000 threshold under 28 U.S.C. § 1332(a)(1).[2] *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### III. REMOVAL IS ALSO PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

15.     This case is also removable because this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA provides federal district courts with original jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant; (2) the proposed class consists of more than 100 members; and (3) the amount in controversy exceeds the sum or value of $5,000,000, aggregating all claims and exclusive of interests and costs. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B)).[3] As a class action that satisfies these requirements, the State Court Action is removable under § 1446. *See* 28 U.S.C. § 1453(b). There is no presumption against removal in CAFA cases. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89 (declining to decide whether a presumption against removal applies in "mine-run diversity cases" but "point[ing] out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

---

[2]  Defendant denies violating BIPA and further denies that a Section 15(b) violation occurs each and every time a person scans his fingerprint to clock in and out of work. Nonetheless, because Plaintiff is clearly seeking to recover damages on a "per scan" basis based on the allegations contained in the Complaint, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining whether Defendant satisfies the prerequisites for removal here.

[3]  This action was brought pursuant to 735 ILCS 5/2-801 and thus satisfies the definition of "class action" under CAFA, which includes "any civil action filed under Federal Rule of Civil Procedure 23, or similar State statute or rule of judicial procedure." *See* 28 U.S.C. § 1332(d)(1)(B); (Cplt. ¶¶ 71–75.)

A. **Minimal Diversity Exists Under CAFA.**

16.     As discussed in Paragraph 10, *supra*, Plaintiff is a citizen of Illinois, and Defendant is a citizen of Delaware and California for removal purposes.  The Complaint defines the proposed class as comprising "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant ***in Illinois*** during the applicable statutory period" (Cplt. ¶ 71 (emphasis added).)  Therefore, minimal diversity exists under CAFA because one or more members of the proposed class are citizens of a State different from Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

B. **Plaintiff's Putative Class Comprises More Than 100 Persons.**

17.     CAFA's 100-class member threshold is also satisfied by the Complaint.  Plaintiff alleges that "the exact number of class members is unknown and is not available to Plaintiff at this time, but upon information and belief, there are *in excess* of forty potential class members." (Cplt. ¶ 72 (emphasis added).)  During the putative class period[4] for Section 15(b) claims, Defendant obtained and used the biometric data of more than 100 employees for timekeeping purposes at Defendant's Chicago facility. *See* Mlot Decl. ¶ 9.  And Plaintiff's proposed class definition includes *all persons* enrolled in Defendant's biometric timekeeping system during the statutory period.

18.     In short, the proposed class comprises more than 100 members and thereby satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

---

[4] The Illinois Appellate Court for the First District recently held that alleged violations of sections 15(a) and 15(b) of BIPA are subject to a five-year statute of limitations. *See Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563, ¶ 33. Based on the filing date of Plaintiff's Complaint (September 13, 2021), any alleged BIPA violation that may have occurred prior to September 13, 2016 would be time-barred under *Tims*.

**C.    The Amount In Controversy For the Putative Class's Claims Exceeds Five Million Dollars.**

19.    Finally, the amount in controversy for the alleged class's claims exceeds $5,000,000. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20.    BIPA allows for recovery of statutory damages of $1,000 for each negligent violation, or $5,000 for each intentional or reckless violation. *See* 740 ILCS 14/20.   In the Complaint, Plaintiff alleges Defendant violated five distinct subsections of BIPA with respect to Plaintiff and members of the proposed class—Sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(d).  (*See* Cplt. ¶¶ 84, 94, 103.)  Plaintiff's proposed class includes all individuals who were enrolled in Defendant's biometric timekeeping system. (Cplt. ¶ 71.)  Finally, the complaint seeks $1,000 in statutory damages for all negligent BIPA violations; or, in the alternative, $5,000 in statutory damages for all reckless or intentional BIPA violations.  (Cplt., Prayer For Relief).

21.    Based on these allegations, the Complaint plausibly exceeds the $5,000,000 amount-in-controversy threshold under CAFA.  Given that Plaintiff's *individual* claims exceed the $75,000 threshold, the aggregated claims of more than one hundred class members is likely much greater than $5,000,000.  As discussed in the preceding section, the Northern District of Illinois has held that a defendant may be subject to BIPA liability on a "per-scan" basis, which means a violation would occur every time a plaintiff scans his fingerprint without consent. *See, e.g.*, *Peatry*, 393 F. Supp. 3d at 769–70 (denying plaintiff's motion to remand BIPA action and finding employer "plausibly alleged the requisite amount in controversy for [former employee] both individually under § 1332(a) and on a class-wide basis under CAFA"); *Cothron v. White Castle*

*Sys., Inc.*, 477 F. Supp. 3d 723, 733 (N.D. Ill. 2020) ("[A]s for the intervening years, the only possible conclusion is that [defendant] violated Section 15(b) repeatedly when it collected her biometric data without first having obtained her informed consent.").[5] Based on the per-scan theory of liability (if it is upheld), the amount in controversy would plausibly exceed the $5,000,000 threshold if Plaintiff and over one hundred class members could each recover $1,000 for every alleged BIPA violation. As required by 28 U.S.C. § 1332(d)(2), the amount in controversy for the aggregated class members' claims in this class action plausibly exceeds $5,000,000. *See also Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court *unless it is legally impossible for the plaintiff to recover that much*.") (emphasis added).

## IV. VENUE IS PROPER IN THE NORTHERN DISTRICT OF ILLINOIS

22. The United States District Court for the Northern District of Illinois, Eastern Division is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located within this judicial district and division. *See* 28 U.S.C. § 93(a)(1).

23. As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto. *See* **Exhibit A**.

---

[5] While *Cothron*, as a district court decision, is not controlling on the question of whether a BIPA plaintiff may recover statutory damages on a "per scan" basis, *Cothron* nevertheless shows the per-scan theory remains a plausible theory of relief in BIPA actions. Currently, the district court's ruling in *Cothron* is pending on appeal before the Seventh Circuit Court of Appeals and awaiting decision from that Court.

24.     As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County, First Judicial Circuit.

25.     By filing this Notice of Removal, Defendant does not waive any defenses to the claim Plaintiff asserts on behalf of himself and the putative class, including that Defendant did not violate BIPA and that class certification is inappropriate.

**WHEREFORE**, Method Products, PBC hereby removes Case Number 2021 CH 04629 pending in the Circuit Court of Cook County, Illinois, First Judicial Circuit, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  October 21, 2021                    Respectfully submitted,

                                            METHOD PRODUCTS, PCB


                                            By:  */s/ David M. Poell*_____
                                                    One of Its Attorneys

Kari M. Rollins, Esq. (ARDC #6287218)
David M. Poell, Esq. (ARDC #6302765)
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Tel.:  (312) 499-6300
Fax:  (312) 499-6301
krollins@sheppardmullin.com
dpoell@sheppardmullin.com

*Attorneys for Method Products, PCB*