UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN HORN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 21 C 5621 |
| v. | ) ) | |
| | ) | Judge Sara L. Ellis |
| METHOD PRODUCTS, PBC, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiff Stephen Horn, who worked for Defendant Method Products, PBC ("Method") in Illinois, alleges that Method required its employees to provide biometric scans each time they clocked in and out of work. He filed this putative class action lawsuit claiming that Method violated § 15(a), (b), and (d) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq*. Method has moved to dismiss Horn's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). It also seeks a stay of the proceedings pending resolution of four other BIPA cases. The Court dismisses Horn's § 15(a) claim for lack of subject matter jurisdiction and his § 15(d) claim for failure to sufficiently allege the required dissemination of his biometric information. Horn, however, may proceed to discovery on his § 15(b) claim, which the Illinois Workers Compensation Act (the "IWCA") does not preempt. The Court also finds that the BIPA statute of limitations and accrual issues currently pending before the Illinois Supreme Court do not warrant staying the proceedings at this time.

## BACKGROUND[1]

Method used a biometric timekeeping device to track its employees' time, requiring its employees, including Horn, to scan their fingerprints every time they clocked in and out of their work shifts. Method stored Horn's biometric information in its database and then used that information to identify him and track his time. Method did not inform Horn in writing of the purpose of its collection of his biometric information or the length of time it would store and use that information. Method also did not provide Horn with a publicly available retention schedule and guidelines for permanently destroying his biometric information or obtain Horn's written consent to the collection and disclosure of that information. Nor did Method destroy his biometric information as required by statute.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1] The Court takes the facts in the background section from Horn's complaint and presumes them to be true for the purpose of resolving Horn's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In determining whether to exercise its discretion to stay proceedings, the Court considers "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

## ANALYSIS

I.     **Method's Motion to Dismiss**

    A.     **Negligent, Intentional, or Reckless Conduct**

First, Method argues that Horn has failed to state a plausible BIPA claim because he has not sufficiently pleaded that Method acted negligently, intentionally, or recklessly. BIPA provides that a plaintiff may recover statutory damages of $1,000 for negligent violations and $5,000 for intentional or reckless violations. 740 Ill. Comp. Stat. 14/20(1)–(2). But the need to demonstrate negligence, intentional action, or recklessness impacts a plaintiff's recovery, not the underlying substantive BIPA violation. *See Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶¶ 33, 36 ("[W]hen a private entity fails to comply with one of section 15's

3

requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach. . . . The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action."); *see also Smith v. Signature Sys., Inc.*, No. 2021-CV-02025, 2022 WL 595707, at *5 (N.D. Ill. Feb. 28, 2022) ("[A]llegations of scienter or no, [the] complaint states a plausible claim for relief under sections 15(b) and 15(d); Rule 12(b)(6) does not require her to plead the facts that will determine the amount of actual damages she may be entitled to recover." (second alteration in original) (quoting *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 615 (N.D. Ill. 2020))).

Rule 8 does not require a plaintiff to plead damages with particularity and instead only requires "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Horn has sufficiently complied with this requirement. And even treating state of mind as an element of a BIPA claim, by alleging that Method has made no effort to comply with BIPA, Horn has pleaded facts to suggest that Method acted with negligence, recklessness, or intent. *See Neals v. PAR Tech. Corp.*, 419 F. Supp. 3d 1088, 1092–93 (N.D. Ill. 2019) (rejecting the defendant's argument that the plaintiff failed to include facts that would entitle her to statutory damages because the rules do not require a plaintiff to prove her case at the pleading stage); *Rogers v. BNSF Ry. Co.*, No. 19 C 3083, 2019 WL 5635180, at *5 (N.D. Ill. Oct. 31, 2019) ("[T]he BIPA took effect more than ten years ago, and if the allegations of his complaint are true—as the Court must assume at this stage—BNSF has made no effort to comply with its requirements. This is certainly enough, at the pleading stage, to make a claim of negligence or recklessness plausible."). *But see Namuwonge v. Kronos, Inc.*, No. 1:19-cv-03239, 2019 WL 6253807, at *5 (N.D. Ill. Nov. 22, 2019) ("Namuwonge's abstract statements regarding damages are insufficient for the Court to

4

infer that Kronos acted recklessly or intentionally."); *Rogers v. CSX Intermodal Terminals, Inc.*, 409 F. Supp. 3d 612, 618 (N.D. Ill. 2019) ("Rogers' conclusory statement of CSX's intent is insufficient to allow us to infer that CSX acted intentionally or recklessly and does nothing to distinguish this case from every possible BIPA case where the defendant is alleged to have failed to meet the strictures of Section 15.").

### B. Section 15(d) Claim (Count III)

Next, Method argues that Horn has not sufficiently pleaded his § 15(d) claim because the complaint does not suggest that Method ever disclosed Horn's biometric information. Section 15(d) provides that private entities in possession of biometric information cannot disclose such information except under certain circumstances. 740 Ill. Comp. Stat. 14/15(d). The complaint alleges that, "[u]pon information and belief, Plaintiff and the Class members may be aggrieved because Defendant may have improperly disclosed employees' biometrics to third-party vendors in violation of BIPA." Doc. 1-1 ¶ 18. It does not contain any specifics concerning the basis for Horn's belief that Method disclosed his biometric information.

Horn maintains that only Method possesses the information required to support his disclosure allegations, but he "has not satisfied the court that [Method] alone has possession of the facts necessary to [his] Section 15(d) claim." *Heard v. Becton, Dickinson & Co.* ("*Heard I*"), 440 F. Supp. 3d 960, 969 (N.D. Ill. 2020). "If [Horn] has a legitimate reason to suspect that [Method] disclosed his biometric data or that of the putative class members, he surely possesses information of some kind that triggered his suspicion[.]" *Id.* Indeed, Horn attempts to remedy his failure to provide allegations supporting disclosure in his response, arguing that the Court may reasonably infer that Method shares information with other entities, such as the biometric timekeeping device's manufacturer and other technology vendors. But his complaint does not

5

include any allegations suggesting that Method used any third-party vendors to support such an inference. *Cf. Naughton v. Amazon.com, Inc.*, No. 20-cv-6485, 2022 WL 19324, at *4 (N.D. Ill. Jan. 3, 2022) (plaintiff pleaded "plausible dissemination" by alleging that Amazon collected his biometric information and disclosed that information to "other Amazon entities" and "third-party biometric device and software vendor(s)"); *Heard v. Becton, Dickinson & Co.* ("*Heard II*"), 524 F. Supp. 3d 831, 843 (N.D. Ill. 2021) (amended complaint suggested dissemination through affirmative allegations that the employer disseminated biometric information to third-party data centers); *Cothron*, 467 F. Supp. 3d at 618 (plaintiff stated a § 15(d) claim where she pleaded that her employer used a software system provided by a specific third party, which suggested dissemination). Thus, Horn's conclusory allegations of disclosure, which merely parrot BIPA's statutory language, require the Court to dismiss his § 15(d) claim. *See Carpenter v. McDonald's Corp.*, --- F. Supp. 3d ----, 2022 WL 897149, at *4 (N.D. Ill. Jan. 13, 2022) (dismissing § 15(d) claim where "all of Plaintiff's allegations regarding disclosure, redisclosure, or dissemination are conclusions that parrot BIPA's language").

### C. Section 15(a) Claim (Count I)

Method also argues that Horn's § 15(a) claim is not ripe because the complaint does not allege when Horn worked for Method and, absent a disclosure policy, Method can retain his biometric information for up to three years after his employment with Method ended. Although Method frames this as a challenge under Rule 12(b)(6), ripeness goes to the Court's subject matter jurisdiction. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008) ("[R]ipeness . . . is a question of subject matter jurisdiction under the case-or-controversy requirement." (citation omitted) (internal quotation marks omitted)).

For a claim to be ripe, an actual injury must have occurred that results in a valid case or controversy. *Church of Our Lord & Savior Jesus Christ v. City of Markham*, 913 F.3d 670, 676 (7th Cir. 2019) ("The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems."). In evaluating a claim for ripeness, courts consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Sweeney v. Raoul*, 990 F.3d 555, 560 (7th Cir. 2021) (citation omitted). "Plain and simple, ripeness is 'peculiarly a question of timing.'" *Id.* (citation omitted). Courts must avoid merely advisory decisions that "would [inappropriately] consume judicial time in order to produce a decision that may turn out to be irrelevant." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). If a claim is unripe, the Court must dismiss it because "[f]ederal courts lack jurisdiction to consider an unripe claim." *Kathrein v. City of Evanston*, 636 F.3d 906, 915 (7th Cir. 2011).

Horn argues that the length of time since his employment with Method ended does not affect the ripeness of his § 15(a) claim because § 15(a) requires entities collecting biometric information not only to destroy biometric information but also to develop a written policy establishing a schedule and guidelines for the permanent destruction of biometric information. 740 Ill. Comp. Stat. 14/15(a) ("A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."). Method does not take issue with this statement of § 15(a)'s

7

requirements, but it continues to maintain that the policy requirement does not affect the ripeness question.

The Court agrees that because Horn alleges that Method does not have a policy setting forth a purpose for collecting his biometric information, under the statute, Method could retain that information for up to three years after Horn's employment with Method ended. *See Meegan v. NFI Indus., Inc.*, No. 20 C 465, 2020 WL 3000281, at *2 (N.D. Ill. June 4, 2020) ("Meegan alleges that NFI does not have a policy setting forth a 'purpose' for collecting fingerprint information. Absent such a stated purpose, NFI was permitted to retain Meegan's fingerprint information for up to three years after her departure from NFI, or August 2019."). This means that until those three years pass, any argument that Method did not comply with § 15(a)'s destruction requirement is not ripe. As Method points out, Horn has not included any dates related to his employment with Method, but Method did provide a declaration along with its notice of removal, indicating that Horn worked at one of Method's manufacturing facilities from August 13, 2018 through May 6, 2021. Doc. 1-2 ¶ 5. Horn has not controverted these dates of employment. Because ripeness goes to subject matter jurisdiction, allowing the Court to consider materials outside of the complaint, *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015), Horn's claim related to Method's alleged failure to destroy his biometric information is not yet ripe for review because three years have not passed since his last interaction with Method,[2] *see Kislov v. Am. Airlines, Inc.*, --- F. Supp. 3d ----, 2021 WL 4711741, at *4 (where collection of biometrics did not occur more than three years prior to filing of the complaint, "[a]ny claim for unlawful retention of biometric data is likely not yet ripe"); *Meegan*, 2020 WL 3000281, at *2 (Section 15(a) claim did not accrue until three years after plaintiff's employment

---

[2] Moreover, given Method's representation that it stopped using fingerprint scans for timekeeping purposes on March 17, 2020 and destroyed all biometric information in its possession as of May 12, 2020, Doc. 1-2 ¶ 7–8, the Court questions whether any such claim would have merit.

8

ended where the plaintiff alleged that the defendant did not have a retention policy). And while Horn's claim for the failure to develop and disclose a retention policy is ripe, Horn does not have standing to pursue such a claim in federal court without also contending that Method unlawfully retained his biometric information. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154–55 (7th Cir. 2020); *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). Thus, the Court dismisses Horn's § 15(a) claim for lack of subject matter jurisdiction.

### D. IWCA Preemption

Alternatively, Method argues that the IWCA preempts Horn's BIPA claims. The IWCA provides the exclusive remedy for accidental injuries that employees sustain in the course of their employment. 820 Ill. Comp. Stat. 305/5(a); *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 462 (1990). A plaintiff can avoid IWCA preemption if she establishes "(1) that the injury was not accidental; (2) that the injury did not arise from . . . her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the [IWCA]." *Meerbrey*, 139 Ill. 2d at 463.

Method argues that Horn has not asserted a compensable injury. After the parties completed briefing on this motion, however, the Illinois Supreme Court definitively ruled that the IWCA's exclusivity provision does not bar BIPA claims. *McDonald v. Symphony Bronzeville Park, LLC*, 2022 IL 126511, ¶ 50 ("Because the injury alleged is not the type of injury compensable in a workers' compensation proceeding, McDonald's lawsuit is not preempted by the exclusive-remedy provisions of the Compensation Act."). Thus, *McDonald* controls and disposes of Method's IWCA preemption argument.[3]

---

[3] In addition to its substantive arguments as to the sufficiency of Horn's allegations, Method argues that the Court should dismiss the complaint because counsel merely copied and pasted the allegations in the complaint from another complaint they filed in the U.S. District Court for the Central District of Illinois. Method provides the Court with no authority supporting such a request, and the Court does not find the

II.     Method's Motion to Stay

In addition to moving to dismiss Horn's BIPA claims, Method filed a motion to stay all proceedings in this case pending decisions of the Illinois Supreme Court, Illinois Appellate Court, and the Seventh Circuit addressing allegedly open issues concerning BIPA's scope. Method argues that these decisions could result in the dismissal of Horn's claims or at least "could significantly affect the course of this litigation by determining, and possibly limiting, the size of the putative class and the extent of their recovery under BIPA's damages provisions." Doc. 13 at 1–2.

Initially, as already discussed, the Illinois Supreme Court has decided *McDonald*, 2022 IL 126511, ¶ 50, and so whether the IWCA preempts BIPA claims no longer remains an open question that could support a stay. Method also argues that the Court should stay this case pending decisions on the appropriate statute of limitations for BIPA claims in *Tims v. Black Horse Carriers, Inc.* and *Marion v. Ring Container Technologies, LLC*, and when BIPA claims accrue in *Cothron v. White Castle System, Inc.* In *Tims*, the Illinois Appellate Court determined that § 15(a) and 15(b) claims are subject to the five-year limitations period set by 735 Ill. Comp. Stat. 5/13-205, while claims under § 15(c) and (d) are subject to the one-year limitations period set by 735 Ill. Comp. Stat. 5/13-201. *Tims*, 2021 IL App (1st) 200563, ¶ 33. The Illinois Supreme Court has since granted permission for leave to appeal that decision, prompting the Illinois Appellate Court to stay consideration of *Marion* pending the Illinois Supreme Court's ruling in *Tims*. As for *Cothron*, the Seventh Circuit certified the question of whether § 15(b) and 15(d) claims "accrue each time a private entity scans a person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first

---

similarity in allegations between this complaint and others asserting BIPA violations requires dismissal. The Court declines to engage with this argument further.

10

scan and first transmission" to the Illinois Supreme Court in December 2021. 20 F. 4th 1156, 1167 (7th Cir. 2021).

Although *Tims* and *Cothron* remain pending before the Illinois Supreme Court, the Court cannot conclude that awaiting the outcome of these decisions warrants a stay. Defendants have not identified persuasive indications that the Illinois Supreme Court will decide the limitations and accrual issues differently than the lower courts' decisions. *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."); *Boyd v. Lazer Spot, Inc.*, No. 19 C 8173, 2022 WL 557293, at *1 (N.D. Ill. Feb. 23, 2022) (denying stay because *Tims* "is well reasoned and Lazer Spot has supplied no persuasive rationale for why it is wrong and likely to be reversed by the Illinois Supreme Court"). And, as Method must admit, the limitations and accrual issues do not affect the outcome of its motion to dismiss, given that these are affirmative defenses and Horn did not include the relevant dates of his employment in his complaint. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (the statute of limitations is an affirmative defense that the Court can consider on a motion to dismiss only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations"). While the scope of the case may change depending on the Illinois Supreme Court's decisions in *Tims* and *Cothron*, the Court does not find that this remote possibility justifies a stay. Instead, the Court finds it appropriate for the parties to proceed to discovery on the merits of Horn's individual claim and the propriety of class certification. This will allow the parties to "be in an advanced position to consider the impact of *Cothron* [and

11

*Tims*] when [they are] decided." *Martinez v. Ralph Lauren Corp.*, No. 1:21-CV-01181, 2022 WL 900019, at *8 (N.D. Ill. Mar. 27, 2022).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Method's motion to dismiss [10] and denies Method's motion to stay [12]. The Court dismisses Horn's § 15(a) and 15(d) claims (Counts I and III) without prejudice.

Dated: April 12, 2022

_____
SARA L. ELLIS
United States District Judge